IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WINSTON MCQUOID and
JOLENE DIXSON,

      Plaintiffs,

vs.                                                                 Case No: 1:14-cv-1116 RB/KK

AUTO CARE EXPRESS, LLC and
WESTERN SURETY COMPANY,

      Defendants,

and

WESTERN SURETY COMPANY,

      Cross-Claimant/Third-Party Plaintiff,

vs.

AUTO CARE EXPRESS, LLC, and
YAHUA SARAMA,

      Cross-Defendant/Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Cross-Defendant Auto Care Express, LLC's and Yahua Sarama's Motion to Set Aside Default Judgments, to Allow Defendants to Answer Complaint and to Set this Matter for Trial on the Merits. (Doc. 37.) Plaintiffs oppose this motion. (Doc. 42.) Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.    Background**

Plaintiffs filed suit in this Court on December 10, 2014. (Doc. 1.) In their Complaint for Damages, Plaintiffs allege that Auto Care Express, LLC sold Plaintiffs a 2004 Chevrolet Venture

Van without the legally required disclosures and failed to transfer title to Plaintiffs. (*Id.*) Plaintiffs allege that Defendant Auto Care Express, LLC violated the Truth in Lending Act, 15 U.S.C. §§ 1601-1616, the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 through 57-12-24, and the New Mexico Motor Vehicle Dealers Franchise Act, N.M. Stat. Ann. §§ 57-16-1 through 57-16-16, constituted fraud and conversion, and breached the warranty of title. (*Id.*) Plaintiffs included Western Surety Company because it supplied the surety bond necessary to license Auto Care Express, LLC as an automobile dealer pursuant to N.M. Stat. Ann. § 66-4-7. (*Id.*)

On December 15, 2014, a process server personally served Yahua Sarama, the registered agent for Auto Care Express, LLC, with a Summons and Complaint. (Doc. 4.) No entry of appearance was filed on behalf of Auto Care Express, LLC.[1] On February 3, 2015, Plaintiffs filed a Praecipe Requesting the Clerk to Enter Default and a Motion for Default. (Docs. 7 and 9.) On February 5, 2015, the Clerk filed an Entry of Default as to Auto Care Express, LLC. (Doc. 15.)

On February 4, 2015, Western Surety Company filed an Answer and Crossclaim for indemnification against Auto Care Express, LLC and Yahua Sarama. (Doc. 11.) On February 12, 2015, a process server personally served Kamal Eid, also known as Kamal Samara (hereinafter "Kamal Eid Samara"), at Auto Care Express, LLC's place of business with a summons issued to Auto Care Express, LLC and a summons issued to Yahua Samara. (Docs. 16, 17, 37-1.) Kamal Eid Samara is the father of Yahua Samara. (Doc. 27.) Yahua Samara was not personally served. (Doc. 17.) No entry of appearance was filed on behalf of Auto Care Express, LLC or Yahua Sarama. On March 19, 2015, Defendant Western Surety Company filed

---

[1] A defendant must serve an answer within twenty-one days after being served with the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A).

a Praecipe Requesting Clerk to Enter Default and a Motion for Default against Auto Care Express, LLC and Yahua Sarama. (Docs. 26, 27.) On March 20, 2015, the Clerk filed an Entry of Default. (Doc. 28.)

On March 24, 2015, United States Magistrate Judge Kirtan Khalsa held a Rule 16 scheduling conference. (Doc. 29.) Counsel for Plaintiffs and Western Surety Company were present, and Yahua Sarama appeared pro se. (*Id.*) Judge Khalsa informed Yahua Sarama that the Clerk of the Court entered default against him. (*Id.*) Because Yahua Sarama had not yet entered an appearance and did not participate in the "meet and confer" or preparation of the Joint Status Report, Judge Khalsa suggested that the parties discuss Yahua Sarama's position regarding a motion to set aside the entry of default and proceeding with their proposed discovery on damages. (*Id.*) After the parties conferred, Judge Khalsa informed Yahua Sarama that, while he can enter an appearance to represent himself pro se, Auto Care Express, LLC must be represented by counsel. (*Id.*) Yahua Sarama indicated he would engage counsel on behalf of Auto Care Express, LLC. (*Id.*)

On April 9, 2015, Plaintiffs and Western Surety Company filed a Notice of Dismissal with Prejudice as to All Claims Between Plaintiffs and Defendant Western Surety Company, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. 31.) Plaintiffs and Western Surety Company stipulated that all issues and claims between Plaintiffs and Western Surety Company were resolved. (*Id.*) The Notice of Dismissal applies only to the claims between Plaintiffs and Western Surety Company. (*Id.*)

On April 9, 2015, counsel filed entries of appearances on behalf of Auto Care Express, LLC and Yahua Samara. (Docs. 32-35.) On May 1, 2015, Auto Care Express, LLC and Yahua Samara filed a Motion to Set Aside Default Judgments, to Allow Defendants to Answer

Complaint and to Set This Matter for Trial on Merits. (Doc. 37.) On May 18, 2015, Plaintiffs filed a Response in opposition to this motion. (Doc. 42.) Defendant Western Surety Company did not file a response to the motion.

**II.     Standard**

The court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). The good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Federal Rule of Civil Procedure 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is fairly liberal because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). When determining whether to vacate a clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. 2003). However, "[a] court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005). The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

**III.    Discussion**

Yahua Samara contends that he was not properly served. (Doc. 37.) "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing the validity of service is on the plaintiff or cross-claimant. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). In this case,

the relevant return of service indicates that the Summons issued to Yahua Samara for the Cross-Claim was personally served on Kamal Eid Samara and not on Yahua Samara. (Doc. 17.) Western Surety Company did not respond to Defendant Yahua Samara's assertion that he was not properly served. "Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). In that the record indicates that Yahua Samara was not properly served and Western Surety Company did not respond to the motion, the Court will set aside the Clerk's entry of default as to Yahua Samara. Additionally, for the reasons discussed *infra*, the Court will set aside the default against Yahua Samara for good cause.

Auto Care Express, LLC and Yahua Samara assert that the Clerk's entries of default against them should be set aside because Yahua Samara speaks English as a second language. As a result of his limited English skills, Yahua Samara claims that he was unable to comprehend the significance of the Summons and Complaint issued to Auto Care Express, LLC and served upon him. Auto Care Express, LLC and Yahua Samara also explain that Yahua Samara forwarded the documents to Kamal Eid Samara, the general manager of Auto Care Express, LLC, who advised Yahua Samara that the matter was "being handled appropriately." (Doc. 37.)

In considering the first factor of the good cause inquiry, the Court notes that a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). The Court does not find that the delay in this case resulted from culpable conduct. Yahua Samara has explained that the delay resulted from an unintentional issue with respect to his limited English skills and consequent inability to understand the significance of the matter. The

Court, therefore, concludes that Yahua Samara's and Auto Care Express, LLC's failure to defend against this action was not willful under the liberal standards of Rule 55(c).

Next, the court finds no prejudice to Plaintiffs or Western Surety Company in setting aside an entry of default this early in the case. Plaintiffs claim that the settlement with Western Surety Company means that "Plaintiffs will be forced to proceed with this case without the assurance that a judgment will be satisfied by Western Surety Company." As Plaintiffs voluntarily settled with Western Surety Company, they were not forced to do anything and it is unclear as to how they were prejudiced. Plaintiffs also contend that the passage of time "created a greater opportunity for fraud and collusion." Six months have passed since the filing of the Complaint. Three months of the delay is attributable to Plaintiffs' and Western Surety Company's resistance to setting aside the Clerk's entries of default. Full discovery deadlines have not been set and the matter is not set for trial. Under these circumstances, this slight delay will not prejudice Plaintiffs' and Western Surety Company's ability to prosecute the case.

Finally, the Court must consider whether Auto Care Express, LLC and Yahua Samara have presented a meritorious defense to the claims of Plaintiffs and Western Surety Company. "The burden to show a meritorious defense is light. The party moving to set aside default must make 'a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.' " *Super Film of Am., Inc. v. UCB Films, Inc.*, 2004 WL 2413497 at *2 (D. Kan. Sept. 24, 2004) (*quoting In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). Auto Care Express, LLC and Yahua Samara deny wrongdoing, allege that Plaintiffs made limited payments and kept the vehicle, and assert affirmative defenses including failure to mitigate damages. The Court believes that the representations of Auto Care Express, LLC and Yahua Samara are adequate to meet this factor. Accordingly, the Court will vacate the

Clerk's entries of default and grant Auto Care Express, LLC and Yahua Samara leave to file responsive pleadings.

IV. **Conclusion**

Yahua Samara's assertion that he was not properly served with the cross-claim is supported by the record and was not refuted by Western Surety Company. Auto Care Express, LLC and Yahua Samara have established good cause to set aside the Clerk's entries of default.

**THEREFORE,**

**IT IS ORDERED** that Defendant/Cross-Defendant Auto Care Express, LLC's and Yahua Sarama's Motion to Set Aside Default Judgments, (Doc. 37), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Western Surety Company will serve Yahua Samara, or obtain a valid waiver of service, within ten days.

**IT IS FURTHER ORDERED** that Defendant/Cross-Defendant Auto Care Express, LLC will answer or otherwise respond to the Complaint and Cross-Claim within twenty-one days of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Yahua Samara will answer or otherwise respond to Western Surety Company's Third-Party Complaint within twenty-one days of service or waiver of service.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**